COMMONWEALTH *vs.* BRIAN VEZINA. March 26, 1982. This appeal, taken by a prisoner in a house of correction from a conviction of assaulting one of the correction officers, discloses no error, much less an error so significant as to pose substantial risk of a miscarriage of justice (*Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 [1967]); thus the points argued could not have led to reversal of the conviction even if they had been raised at the trial. The prosecutor's comments on the significance of the prison setting were an appropriate commentary on a prisoner's general duty to abide by orders, appropriate because the fighting had its origin, according to all witnesses thereto, when the correction officer denied the defendant entrance to the kitchen. The defendant was obviously not privileged to respond by resorting to force. The word "moderate," used by the judge to characterize the force one might properly use in self-defense (the defendant testified that the first blow was struck by the correction officer), may have been ambiguous if taken in isolation from the rest of the charge. Taken in context, it could not have meant, as the defendant argues, gentle or restrained force regardless of the magnitude of the attack to which it responds. Other adjectives, less suggestive of the ambiguity, were also used, such as "reasonable" and "not disproportionate," and the charge on the point, read in its entirety, could not have misled the jury. The defendant's contention is somewhat academic in any event, the guards having testified that the defendant struck the first blows and the defendant and his witnesses having testified that the defendant did not at any time strike a blow. Presumably the instruction on self-defense was meant to apply to the case of the codefendant, who admitted having struck blows. The other points argued are equally without merit and were doubtless not raised at the trial for that very reason.

*Judgment affirmed.*

*William C. Newman* for the defendant.
*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.